IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | CR. NO. 2:15-cr-195-MHH-2 |
| ) | |
| TAURUS RASHONE LASETER ) | |

## PLEA AGREEMENT

**DEFENSE COUNSEL**:       J. MARK SHELNUTT

**ASSISTANT U.S. ATTORNEY**:   CURTIS IVY, JR.

## COUNT AND STATUTE CHARGED:

**Count 1**:   21 U.S.C. § 846
              Conspiracy to Distribute Controlled Substances

**Count 2**:   21 U.S.C. § 843(b)
              Unlawful Use of Communication Facility

**Count 3**:   18 U.S.C. § 924(c)(1)(A)(i)
              Possessing a Firearm during and in Relation to a Drug-Trafficking Crime

## COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

**Count 1**:   21 U.S.C. § 846
              Conspiracy to Distribute Controlled Substances

**Count 3**:   18 U.S.C. § 924(c)(1)(A)(i)
              Possessing a Firearm during and in Relation to a Drug-Trafficking Crime

## PENALTIES BY COUNT - MAXIMUM PENALTY:

**Count 1 - 21 U.S.C. § 846**
NLT 10Y, NMT Life;
NMT $10,000,000, or B;
NLT 5Y SUP REL;
$100 AF;
VWPA.

**21 U.S.C. § 846 - w/ 1 DRUG FELONY**
NLT 20Y, NMT Life;
NMT $20,000,000, or B;
NLT 10Y SUP REL;
$100 AF;
VWPA.

**Count 3 - 18 U.S.C. § 924(c)(1)(A)(i)**
NLT 5Y, consecutive to any other sentence;
NMT 250,000, or both;
NMT 3Y SUP REL;
$100 AF;
VWPA.

## ELEMENTS OF THE OFFENSE:

**Count 1:** <u>21 U.S.C. § 846 - Conspiracy to Distribute Controlled Substances</u>

    First: Two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

    Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it; and,

    Third: That the object of the unlawful plan was to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine hydrochloride as charged in the Indictment.

**Count 3:** <u>18 U.S.C. § 924(c)(1)(A)(i) - Possessing a Firearm during and in Relation to a Drug-Trafficking Crime</u>

    First: The Defendant committed the elements of a drug-trafficking crime prosecutable in federal court;

    Second: The Defendant knowingly used, carried or possessed a firearm; and

    Third: The use, carrying or possession of the firearm was during and in relation to, or the possession of the firearm was in furtherance of the Defendant's drug-trafficking crime.

2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Curtis Ivy, Jr., Assistant United States Attorney, and J. Mark Shelnutt, attorney for the Defendant, pursuant to Rule 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned Defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment herein and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the Defendant will be allowed to withdraw the Defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and Defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

## GOVERNMENT'S PROVISIONS

a. The United States will agree that a 2-level decrease in the applicable offense level pursuant to U.S.S.G. § 3E1.1(a) for the Defendant's acceptance of responsibility is appropriate, so long as between the date of this agreement and the date of sentencing, the Defendant does not obstruct justice, commit any new federal or state offense, or otherwise fail to accept responsibility for the offense conduct. Should the United States find the Defendant assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and this Court to allocate their resources efficiently, and if Defendant otherwise qualifies, the United States will move at sentencing for a further reduction of one level, pursuant to U.S.S.G. § 3E1.1(b). Determination of whether the Defendant met the Defendant's obligations to qualify for the reduction pursuant to U.S.S.G. § 3E1.1 is at the sole discretion of the United States.

  b. The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(C), that, if a term of imprisonment is imposed, a term of imprisonment no higher than the middle of the guidelines range is the appropriate disposition of this case.

  c. The United States will agree, pursuant to Fed. R. Crim. P. 11(c)(1)(A), to dismiss all other counts of the Indictment upon conclusion of sentencing on Counts 1 and 3.

  d. The United States agrees with Defendant that this plea agreement contains all of the terms, conditions, stipulations, and sentencing provisions to which the United States and Defendant agree.

2. The United States makes no representation regarding the Defendant's criminal history category which will be determined solely by the United States Probation Office.

3. The United States reserves the right to inform the Court and the United States Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses and the Defendant's background.

### **DEFENDANT'S PROVISIONS**

4. The Defendant agrees to the following:

To plead guilty to Counts 1 and 3 of the Indictment.

  b. Not commit any State, local or federal offenses.

  c. To waive appeal and collateral attack as detailed below.

  d. To forfeit to the United States any and all firearms and ammunition in his possession.

**FACTUAL BASIS**

5.  The Defendant admits the allegations charged in Count 1 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 1 of the Indictment. Specifically, the Defendant admits the following to be true and correct:

   a.  Beginning from an unknown date, and continuing through in or about April 20, 2015, the exact dates being unknown to the Grand Jury, in Montgomery County, within the Middle District of Alabama, and elsewhere, that Taurus Rashone Laseter, did knowingly and intentionally conspire, combine and agree with Enesto Lenard Ivory and with others both known and unknown to the Grand Jury to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly known as "cocaine powder."

6.  The Defendant admits the allegations charged in Count 3 of the Indictment and understands that the nature of the charge to which the plea is offered involves proof as to Count 3 of the Indictment. Specifically, the Defendant admits the following to be true and correct:

   a.  On or about April 20, 2015, in Montgomery County, within the Middle District of Alabama, the defendant conspired to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride, more commonly known as "cocaine powder" as charged in Count 1 of the Indictment.

   b.  Defendant admits that he knowingly used, carried or possessed firearms, not limited to a Taurus, Model PT145 Millennium Pro, and a Hi-Point, Model C9.

   c.  Defendant admits the use, carrying or possession of the firearms was during and in relation to, or the possession of the firearm was in furtherance of the Defendant's

drug-trafficking crime of conspiracy to distribute and possess with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine hydrochloride as charged in Count 1 of the Indictment.

## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

7. Understanding that 18 U.S.C. § 3742 provides for appeal by a Defendant of the sentence under certain circumstances, the Defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the sentence. Defendant waives the right to appeal the sentence on any other ground and waives the right to attack the sentence in any post-conviction proceeding.

Notwithstanding the above, the Defendant reserves the right to file a direct appeal for an upward departure from the applicable Guidelines range which the sentencing court specifies at the time of sentencing as having been imposed pursuant to either U.S.S.G. § 4A1.3 (from criminal history) or § 5K2.0 (from offense level). The Defendant understands and agrees that this waiver as to all other Guidelines findings would still be in force and effect notwithstanding the appealability of an upward departure.

8. In return for the above waiver by the Defendant, the United States does not waive its right to appeal the sentence imposed in the instant case. The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b). However, if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(b), the Defendant is released from this waiver.

Nothing in this section shall be construed as a waiver of appeal or collateral attack based upon ineffective assistance of counsel or prosecutorial misconduct.

The United States does not waive its right to appeal any order dismissing the Indictment, vacating a sentence, or otherwise terminating the prosecution at any stage of the proceedings. Further, the parties agree that nothing in this agreement shall affect the United States' right and/or duty to appeal as set forth in 18 U.S.C. § 3742(b).

## **DEFENDANT'S UNDERSTANDING AND ACKNOWLEDGMENT**

9. The Defendant, before entering a plea of guilty to Count 1 of the Indictment as provided for herein by said Plea Agreement, advises the Court that:

    a. The discussions between the attorney for the United States and the attorney for the Defendant towards reaching an agreed plea in this case have taken place with the Defendant's authorization and consent.

    b. Defendant acknowledges that a breach of this federal plea agreement will not entitle him to withdraw his guilty plea in this case. Defendant understands and acknowledges that Defendant's guilty plea will remain in full force and effect upon any breach of this agreement by the Defendant.

    c. The Defendant further understands that, pursuant to 18 U.S.C. § 3013, said $200.00 assessment fee is to be paid by the Defendant on the date of sentencing. The Defendant will make an honest, good faith effort to pay said fee as directed by the Financial Litigation Section of the United States Attorney's Office. The Defendant further understands that by completing the financial statement, the Defendant is representing that it is true and accurate to the best of the Defendant's information, knowledge, and belief.

      d.      The Defendant understands that the Defendant has a right to be represented by an attorney at every stage of the proceedings against the Defendant herein and is represented by the Defendant's undersigned attorney.

      e.      The Defendant understands that the Defendant has the right to plead not guilty and has the right to be tried by a jury and, at a trial thereof, has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the Defendant, the right to call witnesses in the Defendant's own behalf, and the right not to be compelled to incriminate the Defendant, and that if the Defendant enters a plea of guilty herein, there will not be a further trial of any kind and that by the entry of such a plea, the Defendant waives the right to a trial by jury or to a trial before the Court.

      f.      The Defendant further understands that in entering a plea of guilty herein, the Court may ask questions about the offense to which the plea is entered and further understands that if the Defendant answers these questions under oath, on the record, and in the presence of counsel, which questions and answers would be recorded, that the answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

      g.      The Defendant further understands and advises the Court that the Plea Agreement as set forth herein and the plea to be entered by the Defendant as a result thereof is voluntary on the Defendant's part and is not the result of any force or threats or of any promises apart from the aforesaid Plea Agreement. The Defendant further advises the Court that the Plea Agreement set forth herein is the result of prior discussions between the attorney for the United States and the attorney for the Defendant, all conducted with the Defendant's authorization, knowledge, and consent.

h. The Defendant further advises the Court that the Defendant's understanding of this Plea Agreement is as set forth in this document.

i. The Defendant further advises the Court that it is understood that the United States can only make a recommendation which is not binding on the Court.

j. The Defendant further advises the Court that the Defendant understands and has been advised that evidence of a plea of guilty, later withdrawn or an offer to plead guilty to the crime charged in the Indictment herein, or of statements made in connection with and relevant to said plea or offer to plead, shall not be admissible in any civil or criminal proceedings against the Defendant. However, the Defendant does understand that evidence of a statement made in connection with and relevant to a plea of guilty, later withdrawn, or an offer to plead guilty to the crimes charged in the Indictment herein, is admissible in a criminal proceeding for perjury or false statement when the statement was made by the Defendant under oath, on the court record, and in the presence of counsel.

k. The Defendant is satisfied that defense counsel has been competent and effective in representing Defendant.

10. The undersigned attorneys for the United States and for the Defendant represent to the court that the foregoing Plea Agreement is the agreement of the parties that has been reached pursuant to the Plea Agreement procedure provided for in Rule 11, Federal Rules of Criminal Procedure, as Amended. The attorney for the Defendant further advises the Court that the Defendant has been advised of the nature of the charge to which the foregoing described plea is to be offered, and that the Defendant has been advised of the Defendant's right to plead not guilty and to be tried by a jury on all issues herein; of the maximum possible penalty provided by law; that by the entering of a plea of guilty as aforesaid, the Defendant waives the right to be tried by a jury or by the Court, waives the right to confront and cross-examine witnesses against the

Defendant and the right not to be compelled to incriminate the Defendant; and that if the Defendant pleads guilty, there will not be a further trial of any kind. Further, the Defendant has been advised that if the Defendant pleads guilty, the Court may ask questions about the offense to which the Defendant has pleaded and that if the plea is rejected or later withdrawn, that the answers to such questions may not be used against the Defendant in a civil or criminal proceeding, but that the Defendant's answers may later be used against the Defendant in a prosecution for perjury or false statement if the answers are not truthful.

11. The Defendant understands that the U.S. Probation Office will prepare a presentence investigation report for the Court. The Probation Officer will consider the Defendant's conduct related to the offense to which the plea is offered, as well as the Defendant's criminal history. The offense level or criminal history category, as calculated by the Probation Officer and determined by the court, may differ from that projected by Defendant's counsel or the U.S. Attorney. In the event that the Court determines the Defendant's offense level or criminal history category is higher than the Defendant anticipated, the Defendant will not have the right to withdraw the plea on that basis.

12. The Defendant understands that the United States Sentencing Guidelines are advisory. Nevertheless, the sentencing Court will consult and consider the United States Sentencing Guidelines in conjunction with Title 18, United States Code, Section 3553. Pursuant to the Guidelines and Section 3553, the sentencing Court will impose a sentence sufficient, but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The Court will impose a sentence to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the Defendant, and to provide the Defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

13. In entering a plea of guilty herein, the Defendant further acknowledges that if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

This _____ day of November, 2015.

Respectfully submitted,

GEORGE L. BECK, JR.
UNITED STATES ATTORNEY

_____
Louis V. Franklin, Sr.
Criminal Chief

_____
Curtis Ivy, Jr.
Assistant United States Attorney

I have read the foregoing Plea Agreement, understand the same, and the matters and facts set forth therein accurately and correctly state the representations that have been made to me and accurately set forth the conditions of the Plea Agreement that has been reached.

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" PARAGRAPH ABOVE ARE TRUE AND CORRECT AND THAT I AM SATISFIED THAT I HAVE RECEIVED COMPETENT ADVICE AND REPRESENTATION FROM MY DEFENSE COUNSEL, J. MARK SHELNUTT.

_____        11/4/15
Taurus Rashone Laseter                              Date
Defendant

_____        11/4/15
J. Mark Shelnutt                                    Date
Attorney for the Defendant

11